IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **JOHN E. FOX,**<br><br>*Plaintiff,*<br><br>v.<br><br>**LEVI J. BULKLEY, and**<br>**ALLIED PRODUCTION GROUP, LLC,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:24-cv-00031-TES** |

**ORDER REMANDING CASE**

Three are three motions pending in this case: Plaintiff John E. Fox's Motion to Remand [Doc. 7] this case back to the Superior Court of Greene County, Georgia; Defendant Levi J. Bulkley's Motion to Compel Arbitration [Doc. 4]; and a Joint Motion for Extension of Time [Doc. 15] to prepare and file a scheduling order. Because the amount in controversy in this case does not meet the jurisdictional amount required by 28 U.S.C. § 1332(a), the Court **GRANTS** Plaintiff Fox's Motion to Remand and sends this action back to the Superior Court of Greene County, Georgia, where it was originally filed. [Doc. 7]. Relatedly, the Court **DENIES** Plaintiff Fox's request for attorney's fees and costs in this case related to the remand motion. Finally, the Court **DENIES** the parties' Joint Motion for Extension of Time to file their Rules 16/26 Order **as moot**. [Doc. 15].

## BACKGROUND

Allied Production Group ("Allied") is a Georgia limited liability company ("LLC") with its principal place of business in Greene County, Georgia. [Doc. 1, ¶ 3]. Plaintiff Fox and Defendant Bulkley each own 50% of Allied and serve as its only members. [*Id.* at ¶¶ 6–7]. Plaintiff Fox resides in Georgia and Defendant Bulkley resides in Colorado. [Doc. 1-1, ¶¶ 1–2].

Plaintiff Fox originally filed this action on March 15, 2024, in the Superior Court of Greene County, Georgia, seeking judicial dissolution of Allied. *See* [*id.*]. Defendant Bulkley timely removed this case under 28 U.S.C. §§ 1332, 1441, and 1446, by filing a Notice of Removal [Doc. 1], in which he contends that this "Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because it is between citizens of different states and the amount in controversy exceeds $75,000." [Doc. 1, ¶ 4]. Defendant Bulkley further argues that Allied is a nominal defendant and should therefore be disregarded for purposes of determining diversity of citizenship. [*Id.* at ¶¶ 6, 11].

Unconvinced that Allied is truly a nominal defendant in this case, the Court enlisted the parties' assistance by issuing a Show Cause Order [Doc. 3] on April 18, 2024, requiring the parties to explain "why this case should not be dismissed for lack of subject-matter jurisdiction." [Doc. 3, p. 3]. On April 23, 2024, Defendant Bulkley filed a

2

Motion to Compel Arbitration and Dismiss[1] [Doc. 4], and the day after, Plaintiff Fox filed his Motion to Remand. [Doc. 7, p. 8].

Defendant Bulkley responded to the Show Cause Order as well as Plaintiff Fox's Motion to Remand on April 29, 2024, and the Court heard the matter on May 1, 2024. [Doc. 8]; [Doc. 9]. After the hearing, the Court granted the parties leave to file supplemental briefs by May 3, 2024. [Doc. 9]. Both parties took advantage of that opportunity and filed briefs. [Doc. 10]; [Doc. 12]. Having reviewed the parties' arguments and the relevant case law, the Court now turns to Plaintiff Fox's Motion to Remand. [Doc. 7].

## DISCUSSION

Defendant Bulkley removed this action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. *See* [Doc. 1]. He argues that "[t]his Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because it is between citizens of different states and the amount in controversy exceeds $75,000." [*Id.* at ¶ 4].

In his Motion to Remand, Plaintiff Fox contends that this Court should remand this action "to state court because Defendant Allied is not a nominal party" and thus "complete diversity does not exist between Plaintiff and Defendants." [Doc. 7, pp. 1, 3]. Plaintiff Fox also "requests an award of attorney's fees and costs incurred as a direct

---

[1] Because the Court is remanding the case back to the Superior Court of Greene County, it leaves Defendant's Motion to Compel Arbitration [Doc. 4] in the wise and capable hands of that court.

3

result of Defendant Bulkley's . . . attempt to remove this case" because, according to Plaintiff Fox, "there is no objectively reasonable basis upon which Defendant Bulkley can base his . . . removal." [*Id.* at p. 8].

In his Response, Defendant Bulkley argues that Allied is a nominal party in this action and its citizenship should thus be disregarded for the purposes of diversity jurisdiction. *See generally* [Doc. 8]. Before reaching the merits of this case, the Court begins by laying out the law that will guide its analysis.

### A.    <u>Legal Standard</u>

Federal courts are courts of limited jurisdiction, and they may only adjudicate cases as authorized by the Constitution and Congress. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999); *Gunn v. Minton*, 568 U.S. 251, 256 (2013). A civil action originally filed in a state court may be removed to a federal district court that has original subject-matter jurisdiction over the case. 28 U.S.C. § 1441. When a case is removed to federal court, the district court—in order to proceed—must first determine whether it has original jurisdiction over those removed claims. *Univ. of S. Ala.*, 168 F.3d at 410.

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins.*

4

*Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case will be remanded." 28 U.S.C. 14447(c). The burden is on the party seeking removal to establish federal subject-matter jurisdiction. *See, e.g.*, *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).

Subject-matter jurisdiction based on diversity of citizenship exists where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Because plaintiffs generally have a choice of forum, the removing defendant bears the burden of proof on removal and "must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [applicable] jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *overruled on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)); *Friedman*, 410 F.3d at 1353. Further, a "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when [a] plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly." *Burns*, 31 F.3d at 1095.

If a plaintiff does not state a specific amount of damages in his complaint, removal is proper if it is apparent from the face of the complaint that the amount in

controversy exceeds $75,000. *Williams,* 269 F.3d at 1319. However, if one cannot determine the amount in controversy from the face of the complaint, the Court may look to the notice of removal and may request additional evidence regarding the amount in controversy. *Id.* To ascertain whether an action meets the jurisdictional requirement, the Court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and should use "their judicial experience and common sense," rather than "suspend reality." *Roe v. Michelin N. Am., Inc.*, 613 F3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754, 770 (11th Cir. 2010)).

### B.     Plaintiff Fox's Motion to Remand and for Costs and Fees

In addition to his remand efforts, Plaintiff Fox "requests an award of attorney's fees and costs incurred as a direct result of Defendant Bulkley's . . . attempt to remove this case." [Doc. 7, p. 1]. The Court will first decide whether remanding this action is proper, and then it will determine whether an award of fees and costs is justified under the circumstances.

#### 1.     Remand

In his Motion, Plaintiff Fox contends that this Court must remand this case "because Defendant Allied is not a nominal party" and thus "complete diversity does not exist between Plaintiff and Defendants." [Doc. 7, pp. 1, 3]. The Court must first decide whether Allied is merely a nominal party in this action before it considers

whether the amount in controversy requirement is met in this case. *See* 28 U.S.C. § 1332(a)(1).

As discussed previously, a civil action originally filed in a state court may be removed to a federal district court that has original subject-matter jurisdiction over the case. 28 U.S.C. § 1441. District courts have original subject-matter jurisdiction over cases where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Section 1332's second prong—the "diversity of citizenship" requirement—demands complete diversity. *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). In other words, "every plaintiff must be diverse from every defendant." *Id.*

However, when determining whether complete diversity exists in a case, "federal courts 'must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'" *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). In the Eleventh Circuit, "'there is no bright-line rule' for distinguishing between real and nominal parties." *Id.* (quoting *Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 556 F. App'x 796, 799 (11th Cir. 2014)). But "nominal or formal parties" are "those that are 'neither necessary nor indispensable' to the action." *Id.* (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). "'[T]he ultimate test' for whether a defendant is

nominal is 'whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to [a] plaintiff." *Id.*

All that to say, the complete-diversity issue in this case comes down to whether Allied is a nominal party. As the Court just explained, Allied is a nominal party if it is "'neither necessary nor indispensable' to th[is] action" and if, "in [Allied's absence], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to [Plaintiff Fox]." *Id.* Because this is an action seeking judicial dissolution of an LLC under Georgia law, the Court must decide whether Allied is a necessary party under Georgia's statute governing such actions. *See* [Doc. 1-1]; O.C.G.A. § 14-11-603.

Georgia's judicial dissolution statute provides that "[o]n application by or for a member, the court may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or a written operating agreement." O.C.G.A. § 14-11-603(a). Nothing in the statute's language suggests that the LLC must be named as a separate party in an action for dissolution brought by one of its members. *Id.* The case of *Moses v. Pennebaker* is on point and lends support to this interpretation of the statute. 719 S.E.2d 521 (Ga. Ct. App. 2011). In that case, an LLC member petitioned for judicial dissolution of an LLC under O.C.G.A. § 14-11-603 and asserted several claims against the LLC's only other member.

8

*Id.* at 523. The defendant asserted counterclaims alleging fraud and breach of fiduciary duty. *Id.* The LLC was, notably, only a nominal defendant in the action, and the LLC did not even file a brief to the Court of Appeals. *Id.* at 524 n.3. The Court of Appeals treated the dispute as one between the LLC's two members, not as a dispute between the members and the LLC or between the plaintiff and the LLC. *See id.*

In his Complaint, Plaintiff Fox named Bulkley and Allied as defendants, but that's far from the end of the story. [Doc. 1-1]. Neither party disputes that Allied is deemed a citizen of both Georgia and Colorado—the states where its members reside. In that light, and at first glance, it may seem that Allied's presence in this case destroys complete diversity. Indeed, that's why the Court issued its Show Cause Order and why Plaintiff Fox sought remand. *See* [Doc. 3]; [Doc. 7]. And even though Defendant Bulkley argued briefly in his Notice of Removal that "Allied is a nominal defendant only," perhaps out of an abundance of caution he did not act as if that were the case. [Doc. 1, ¶ 6]; *see* [Doc. 8, Section II]. For example, a nominal party does not need to consent to removal. *See Tri-Cities*, 427 F.2d at 327. Yet, in Defendant Bulkley's Notice of Removal, he argued that "[a]ll Defendants have consented to the removal of this action" because he signed the written consent to removal "both individually and on behalf of [Allied]." [Doc. 1, ¶¶ 16–17]; [Doc. 1-3, p. 2]. Having said all that, let's get to the crux of the issue.

Applying the *Tri-Cities* test as articulated in *Thermoset*, the Court finds that Allied is a nominal party in this action for judicial dissolution. *See Thermoset*, 849 F.3d at 1317

9

(quoting *Tri-Cities*, 427 F.2d at 327). Plaintiff Fox did not have to name Allied as a separate party in his action for dissolution, so Allied cannot be said to be "necessary" or "'indispensable' to the action." *Id.*; *see* O.C.G.A. § 14-11-603; *Moses*, 719 S.E.2d 521. Plaintiff Fox has no claims, monetary or otherwise, against Allied, so Allied's absence in this case "would not be in any way unfair or inequitable to [him]." *Thermoset*, 849 F.3d at 1317 (quoting *Tri-Cities*, 427 F.2d at 327). Furthermore, like in *Moses*, where the LLC did not file a brief to the Court of Appeals, here Allied has filed no motions or briefs in this case. *Moses*, 719 S.E.2d 521 at 524 n.3.

Plaintiff Fox argues that Allied is not a nominal party, but he cites no binding authority to support that position. *See* [Doc. 7]; [Doc. 10]. Because the Court ultimately sides with Plaintiff Fox, finding that remand is appropriate in this case on other grounds, it's enough to say that his argument on this issue fails. The Court finds that Allied is a nominal party for the purposes of diversity jurisdiction. *Thermoset*, 849 F.3d at 1317 (quoting *Tri-Cities*, 427 F.2d at 327); O.C.G.A. § 14-11-603; *see, e.g.*, *Moses*, 719 S.E.2d 521.

As a consequence, the Court "disregard[s] [Allied] and rest[s] jurisdiction only upon the citizenship of" Plaintiff Fox and Defendant Bulkley. *Id.* (quoting *Navarro*, 446 U.S. 458 at 461). Plaintiff Fox is a citizen of Georgia and Plaintiff Bulkley is a citizen of Colorado, so complete diversity exists between the "real parties to th[is] controversy.'" *Id.*; 28 U.S.C. § 1332(a); *Triggs*, 154 F.3d at 1287. The Court now turns to the "amount in

controversy" requirement.

In his Notice of Removal, Defendant Bulkley states that the amount in controversy in this case exceeds the jurisdictional amount. [Doc. 1, ¶¶ 8–9]; *see* 28 U.S.C. § 1332(a). Plaintiff Fox only argued for remand based on his contention that the parties lacked diversity of citizenship, apparently conceding the amount in controversy to Defendants. *See* [Doc. 7]; [Doc. 10]. However, as noted previously, the Court has an independent obligation to inquire into its own subject-matter jurisdiction sua sponte whenever it may be lacking. *Univ. of S. Ala.*, 168 F.3d at 410.

Defendant Bulkley argues that "during the past year, Plaintiff [Fox] has gradually and wrongfully converted a total of approximately $300,000 of funds from [Allied's] bank accounts to [his] own personal use . . . such that Defendant Bulkley has monetary claims (counterclaims) directly against [him], for approximately $150,000 in compensatory damages, plus expenses of litigation, and other damages." [Doc. 1, ¶ 8]. Defendant Bulkley also argues that he "has breach of contract counterclaims against Plaintiff [Fox], for breach of a written operating agreement that [he] and Defendant Bulkley entered into on or about March 1, 2022." [*Id.* at ¶ 9]. This raises a simple—but rarely litigated—question.

Do counterclaims count toward the amount in controversy? *See* [*id.*]. The Eleventh Circuit has never directly answered that question, but the Supreme Court of the United States has. *Compare Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805

11

(11th Cir. 2003), *with Home Depot U.S.A. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). "[A] district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether . . . the plaintiff could have filed its operative complaint in federal court." *Home Depot*, 139 S. Ct. at 1748. Because counterclaims are not part of a plaintiff's operative complaint, "[28 U.S.C. §] 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.*; *see also BH Mgt. v. Hassan*, No. 1:21-CV-02258WMRAJB, 2021 WL 3271478, *4 (N.D. Ga. June 10, 2021) ("Counterclaims should not be considered in the calculation of the amount in controversy in a removal action because they are not part of the plaintiff's complaint."). So, the answer is no—counterclaims do not count toward the amount in controversy for the purposes of diversity jurisdiction. *Home Depot*, 139 S. Ct. at 1748.

Because the Court cannot count the alleged value of Defendant Bulkley's counterclaims towards the amount in controversy, Defendant Bulkley has not met his burden of proving "by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000]." *Williams*, 269 F.3d at 1319–20 (citing *Tapscott*, 77 F.3d 1353, *overruled on other grounds by Cohen*, 204 F.3d 1069).

The Court's analysis could stop there, but just to make sure it gets all the milk from this cob, the Court will dig one layer deeper and consider whether this case demands another evidentiary hearing or other factual development. *See Williams*, 269

F.3d at 1321. Plaintiff Fox's Complaint for Judicial Dissolution wants only one thing—"an order judicially dissolving [Allied]"—and nothing in that prayer for relief puts any amount in controversy. [Doc. 1-1, p. 5]. In his Response to Plaintiff Fox's Motion to Remand, Defendant Bulkley confirms that:

> Under Georgia law, a claim for a decree of judicial dissolution is a claim for limited relief . . . decided solely on the basis of a judicial determination or finding as to whether "it is not reasonably practicable to carry on the business in conformity with the articles of organization or a written operating agreement" . . . [that does not entitle the plaintiff] to any monetary relief or the appointment of a receiver."

[Doc. 12, p. 2 (quoting O.C.G.A. § 14-11-603(a))]. The Court has located no authority contrary to Defendant Bulkley's assessment, and because Plaintiff Fox's claim for a decree of judicial dissolution is a claim for limited relief that does not entitle him to any monetary or injunctive relief, the Court finds that further factual development here is unnecessary. *See* O.C.G.A. § 14-11-603(a); *Williams*, 269 F.3d at 1321.

Although the complete diversity requirement is met in this case because Allied is a nominal defendant, the amount of controversy in this case does not meet the jurisdictional amount. *See* 28 U.S.C. § 1332(a). Thus, the Court does not have subject-matter jurisdiction over this case. Accordingly, the Court **GRANTS** Plaintiff Fox's Motion to Remand [Doc. 7] and **REMANDS** this case to the Superior Court of Greene County, Georgia. 28 U.S.C. § 1447(c); *Home Depot*, 139 S. Ct. at 1748; *Williams,* 269 F.3d at 1319–20.

13

### 2. Costs and Fees

In his Motion to Remand, Plaintiff Fox also "requests an award of attorney's fees and costs incurred as a direct result of Defendant Bulkley's . . . attempt to remove this case." [Doc. 7, p. 8]. According to Plaintiff Fox, "there is no objectively reasonable basis upon which Defendant Bulkley can base his . . . removal." [*Id.*].

When remanding a case like this one, a district court is authorized to require "payment of just costs and any actual expenses, including attorney fees incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2004)); *see also Martin*, 546 U.S. at 136 (discussing the exercise of discretion in awarding attorney's fees related to improper removals of civil actions).

In this case, however, the Court cannot say that Defendant Bulkley "lacked an objectively reasonable basis for seeking removal" of this action. *Taylor Newman*, 436 F. App'x at 890 (quoting *Martin*, 546 U.S. at 141). Accordingly, the Court **DENIES** Plaintiff Fox's Motion for Attorney's Fees and Costs [Doc. 7]. *See* 28 U.S.C. § 1447(c).

### CONCLUSION

Based on the foregoing, the Court finds that it does not have subject-matter

jurisdiction over this case. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand [Doc. 7] and **REMANDS** this case to the Superior Court of Greene County, Georgia. The Court then **DENIES** Plaintiff Fox's Motion for Attorney's Fees or Costs in this case. Finally, the Court **DENIES** the parties' Joint Motion for Extension of Time [Doc. 15] **as moot**.

      **SO ORDERED**, this 17th day of May, 2024.

                                        S/ Tilman E. Self, III
                                        **TILMAN E. SELF, III, JUDGE**
                                        **UNITED STATES DISTRICT COURT**