# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **JOHN E. FOX,**<br><br>*Plaintiff,*<br><br>v.<br><br>**LEVI J. BULKLEY, and**<br>**ALLIED PRODUCTION GROUP, LLC,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:24-cv-00031-TES** |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendant Levi J. Bulkley's Motion for Reconsideration and for Relief from Final Judgment [Doc. 23]. As explained in further detail below, because Defendant Bulkley fails to demonstrate that that the Court erred, and because remand remains proper under any applicable legal standard, the Court **DENIES** Defendant Bulkley's Motion for Reconsideration [Doc. 23].

## BACKGROUND

Plaintiff Fox originally filed this action on March 15, 2024, in the Superior Court of Greene County, Georgia, seeking judicial dissolution of Allied Production Group, LLC ("Allied"). *See* [*id.*]. Defendant Bulkley timely removed this case under 28 U.S.C. §§ 1332, 1441, and 1446, by filing a Notice of Removal [Doc. 1]. Unconvinced that the Court had subject-matter jurisdiction over this case, the Court enlisted the parties' assistance

by issuing a Show Cause Order [Doc. 3] on April 18, 2024, requiring the parties to explain "why this case should not be dismissed for lack of subject-matter jurisdiction." [Doc. 3, p. 3].

On April 23, 2024, Plaintiff Fox moved to remand this case back to the Superior Court of Greene County. [Doc. 7, p. 8]. Defendant Bulkley responded to the Show Cause Order as well as Plaintiff Fox's Motion to Remand on April 29, 2024, and the Court heard the matter on May 1, 2024. [Doc. 8]; [Doc. 9]. After the hearing, the Court granted the parties leave to file supplemental briefs by May 3, 2024. [Doc. 9]. Both parties took advantage of that opportunity and filed briefs. [Doc. 10]; [Doc. 12].

The Court found that it lacked subject-matter jurisdiction over this case because Defendant Bulkley did not meet his burden of proving "by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000]." [Doc. 20, p.12 (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001))]. Thus, the Court granted Plaintiff Fox's Motion to Remand and remanded this case to the Superior Court of Greene County, Georgia. [Doc. 20, p. 13]. On May 20, 2024, Defendant Bulkley filed this Motion for Reconsideration. [Doc. 23].

## **DISCUSSION**

Defendant Bulkley moves the Court to reconsider its decision to remand this case, arguing that it applied the wrong legal standard and failed to challenge his amount-in-controversy allegations. *See* [Doc. 23]. Before addressing the merits of

Defendant Bulkley's Motion, the Court first sets out the law that will guide its analysis.

A.     **Legal Standard**

"Motions for Reconsideration shall not be filed as a matter of routine practice," and "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." LR 7.6, MDGa; *Goolsby v. Astrue*, No. 5:07-CV-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for reconsideration be used "as an opportunity to show the court 'how it could have done it better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 816 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

B. **<u>Defendant Bulkley's Motion for Reconsideration</u>**

Defendant Bulkley moves for reconsideration, arguing that the Court should have challenged his amount-in-controversy allegations, given him an opportunity to present evidence, and then applied a preponderance-of-the-evidence standard in deciding whether to remand this case. [Doc. 23, pp. 2, 4]. However, that is exactly what the Court did. *See* [Doc. 20].

In his Motion, Defendant Bulkley doesn't articulate a *legal* basis under which the Court could grant this "extraordinary remedy." *See id.*; *Goolsby*, 2009 WL 3781354, at *1 (quoting *Groover*, 90 F. Supp. 2d at 1256). Defendant Bulkley points to no "intervening change in the law" or "new evidence [that] has been discovered," and he does not appear to argue that "reconsideration is necessary to . . . prevent manifest injustice." *Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2). So, the Court takes Plaintiff's only argument to be that "reconsideration is necessary to correct a clear error of law." *Id.*

In his Motion, Defendant Bulkley asks the Court to reconsider its decision because it applied the wrong legal standard. [Doc. 23, p. 2]. Two standards could arguably apply here. First, the Court could scrutinize Defendant Bulkley's jurisdictional allegations—sua sponte or on motion—under the well-known 12(b)(6) standard. *See* [Doc. 1]; *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81–82 (2014); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Second, if

4

Defendant Bulkley's jurisdictional allegations survive that review, the Court could challenge his allegations, allow him to present evidence, and then decide whether it has subject-matter jurisdiction under a preponderance of the evidence standard. *See* [Doc. 1]; *Dart*, 574 U.S. 81, 81 (2014); *Williams,* 269 F.3d at 1319–20 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *overruled on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)); *Friedman*, 410 F.3d at 1353.

In this case, the Court applied the second standard. [Doc. 20, p. 12]. The Court issued a Show Cause Order requiring the parties explain "why this case should not be dismissed for lack of subject-matter jurisdiction." [Doc. 3, pp. 1, 3]. And, before deciding to remand this case, the Court reviewed Defendant Bulkley's Response to the Show Cause Order, held a hearing on this matter, and reviewed his supplemental brief. [Doc. 8]; [Doc. 9]; [Doc. 10]. In the end, the Court found that "Defendant Bulkley [did] not [meet] his burden of proving 'by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000].'" [Doc. 20, p. 12 (quoting *Williams*, 269 F.3d at 1319–20)].

Defendant Bulkley reaches a bit too far in his attempt to find fault in the Court's handling of this case, arguing in his Motion for Reconsideration that the Court's Show Cause Order "did not question Defendant's amount in controversy allegation" and "only questioned the existence of complete diversity." [Doc. 23, p. 3]. That is not the case. While it is fair to say that the Court may have specifically highlighted the

5

complete-diversity requirement in its Show Cause Order, the Court clearly ordered both parties to explain how the Court had subject-matter jurisdiction, and that certainly included both diversity-jurisdiction prongs. *See* [Doc. 3]. The Court never "expressly . . . limited" its Show Cause Order to the complete-diversity requirement as Defendant Bulkley argues. *See* [Doc. 23, p. 3]. Defendants *assumed* the Court did and complains after-the-fact that the Court should have been more explicit and pointed out any and all potential errors Defendants might have made when they removed this case. In other words, the Court's faulty drafting is the problem, not the Defendants' Notice of Removal. Basic black-letter law tells us that successful motions for reconsideration don't just "show the court 'how it could have done it better.'" *Bryan*, 246 F. Supp. 2d at 1259 (quoting Pres. *Endangered Areas of Cobb's Hist., Inc.*, 816 F. Supp. at 1560). The Court explained that diversity jurisdiction exists "where the amount in controversy exceeds $75,000 and the action is between citizens of different states" before ordering the parties "to show cause . . . why this case should not be dismissed for lack of subject-matter jurisdiction." [Doc. 3, pp. 1, 3]. Further, as noted above, the Court afforded Defendant Bulkley several opportunities to supplement his allegations and provide evidence to carry his burden on both diversity-jurisdiction prongs. [Doc. 1]; [Doc. 8]; [Doc. 9]; [Doc. 10]. Defendants just assumed wrongly and that isn't the Court's fault.

With all that said, the Court could have applied the first test—essentially a 12(b)(6) standard—to Defendant Bulkley's Notice of Removal and remanded this case

much earlier. *See* [Doc. 1]. A defendant seeking to remove a case on diversity-jurisdiction grounds must file a notice of removal "containing a short and plain statement" that plausibly alleges that (1) the parties are completely diverse and (2) the amount in controversy exceeds the jurisdictional amount. *Id.* at §§ 1332(a), 1446; *Dart*, 574 U.S. at 81–82 (cleaned up). Because 28 U.S.C. § 1446 "borrows Rule 8(a)'s 'short and plain statement' standard, courts should 'apply the same liberal rules to removal allegations as to any other matters of pleading.'" *Dart*, 574 U.S. at 81–82 (cleaned up).

Under the "same liberal rules" that apply "to any other matters of pleading," a notice of removal must contain sufficient non-conclusory factual allegations to plausibly allege that the federal court has subject-matter jurisdiction over the case. *Id.*; *see McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Like "any other matters of pleading," plausible jurisdictional allegations are entitled to the assumption of truth, and so a removing defendant's jurisdictional allegations should be accepted unless they are challenged by the plaintiff or questioned by the court. *Dart*, 574 U.S. at 83. Conclusory allegations, of course, are not entitled to the same deferential "assumption of truth." *McCullough*, 907 F.3d at 1333 (citing *Iqbal*, 556 U.S. at 79 (2009)).

In his Notice of Removal, Defendant Bulkley attempted to allege that the amount in controversy in this case exceeded the requisite jurisdictional amount. [Doc. 1, ¶¶ 4, 7–9]; *see* 28 U.S.C. § 1332. He included two conclusory statements that the amount in

7

controversy exceeded $75,000. [Doc. 1, ¶¶ 4, 7]. And, he also noted that he included tort and breach-of-contract counterclaims against Plaintiff Fox for at least $150,000. [Doc. 1, ¶¶ 8–9]. But, as the Court explained before, a defendant can't use a counterclaim to get over the amount-in-controversy hurdle. [Doc. 20, p. 12 (citing *Home Depot U.S.A. v. Jackson*, 139 S. Ct. 1743, 1748 (2019)]; *see McCullough*, 907 F.3d at 1333 (citing *Iqbal*, 556 U.S. at 678–79). Defendant Bulkley's two conclusory statements, "standing alone, fail[] to properly plead the amount in controversy." *Brown v. Spells*, No. 7:11-CV-91-HL, 2011 WL 4543905 (M.D. Ga. Sept. 30, 2011). Thus, the Court could have also remanded this case much earlier under the only other arguably applicable legal standard.

## CONCLUSION

Accordingly, because Defendant Bulkley fails to demonstrate that "reconsideration is necessary to correct a clear error of law," and because remand remains proper, the Court **DENIES** Defendant Bulkley's Motion for Reconsideration [Doc. 23]. *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)).

**SO ORDERED**, this 7th day of June, 2024.

                                        S/ Tilman E. Self, III
                                        **TILMAN E. SELF, III, JUDGE**
                                        **UNITED STATES DISTRICT COURT**